1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GLENDA DAVIS,                          )   Case No.: 1:08-cv-00525 JLT
                                            )
12                   Plaintiff,             )   ORDER TO GRANTING MOTION TO
                                            )   REOPEN THE ACTION
13        v.                                )
                                            )   (Doc. 22)
14   MICHAEL J. ASTRUE,                     )
     Commissioner of Social Security,       )
15                                          )
                     Defendant.             )
16   _____)

17        On November 9, 2010, Defendant Michael J. Astrue, Commissioner of Social Security

18   ("Defendant") moved for an order reopening this action.  (Doc. 22).  By stipulation of the parties, the

19   Court remanded this action on September 5, 2008 pursuant to sentence six of 42 U.S.C. § 405(g)

20   because the record was incomplete.  (Doc. 11).  According to Defendant, "an administrative law

21   judge held a de novo hearing and issue[d] a new decision, and the agency has completed a certified

22   administrative record."  (Doc. 22 at 1).  Therefore, Defendant "is prepared to file his answer and the

23   certified administrative record."  *Id.*

24        Importantly, a sentence six remand "is always interlocutory and never a 'final' judgment."

25   *Carrol v. Sullivan*, 802 F. Supp. 295, 300 (C.D. Cal. 1992).  Therefore, in a sentence-six remand

26   case, the Court retains jurisdiction following the remand.  *See Melkonyan v. Sullivan*, 501 U.S. 89,

27   98 (1991) (district court retains jurisdiction over Social Security cases remanded under sentence six

28   of 42 U.S.C. § 405(g), and where the final administrative decision is favorable to one party or the

                                          1

1   other, the Commissioner is to return to the court following completion of the administrative

2   proceedings on remand so that the court may enter a final judgement or, as in this case, a dismissal);

3   *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).  Therefore, it is appropriate for the

4   Court to re-open the action for resolution of the case.

5          Accordingly, **IT IS HEREBY ORDERED**: Defendant's motion to reopen the action is

6   **GRANTED**.

7

8   IT IS SO ORDERED.

9   Dated:   **October 4, 2011**                                         **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28