IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENDA DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____ | Case No.: 1:08-cv-00525 JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED, OR IN THE ALTERNATIVE, TO FILE AN OPENING BRIEF |

　　　　Glenda Davis ("Plaintiff") commenced this action against the defendant, Michael J. Astrue, Commissioner of Social Security, on April 14, 2008. (Doc. 1). The Court issued its Scheduling Order on April 17, 2008. (Doc. 4). On October 14, 2008, the matter was remanded pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 12). Following further administrative proceedings, the matter was re-opened on October 4, 2011. (Doc. 24).

　　　　Defendant filed a notice that the Social Security administrative record had been lodged on November 1, 2011. (Doc. 11). According to the Scheduling Order, the plaintiff should have served a letter brief on defendant within thirty days of service of the administrative record, or by December 1, 2011. (Doc. 4 at 2). Defendant was to respond within thirty-five days, or by January 5, 2012. *Id*. When the parties do not agree to a remand, an opening brief must be filed with the Court within thirty days of service of the defendant's response. *Id*. Therefore, Plaintiff's opening brief was due by February 6, 2012.

In the Scheduling Order, the parties were notified that "the Court will allow a single thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties." (Doc. 4 at 4). The parties were informed that, with the exception of the single stipulation, any requests to modify the Scheduling Order must be made by written motion and would only be granted for good cause. *Id.* Further, the parties were warned that violations of the order may result in sanctions pursuant to Local Rule 110. *Id.* Notably, the parties have not stipulated to extend deadlines, nor have requests have been made to the Court to modify the Scheduling Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to prosecute or to follow the Court's Order, or in the alternative, to file her opening brief.

IT IS SO ORDERED.

Dated:  **February 22, 2012**                               /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE